**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| YASIN VILLAFANA,<br><br>             **Plaintiff,**<br><br>      **v.**<br><br>OFFICER OF THE ESSEX COUNTY<br>COUNSEL, *et al.*,<br><br>            **Defendants.** | Civil Action No.: 25-17578 (ES) (AME)<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is the civil rights complaint submitted by *pro se* plaintiff Yasin Villafana ("Plaintiff"), a convicted and sentenced state prisoner incarcerated at Northern State Prison in Newark, New Jersey. (D.E. No. 1 ("Complaint")). Plaintiff has also applied to proceed *in forma pauperis* ("IFP"), (*see* D.E. No. 1-1 ("IFP Application")), and filed a motion to appoint *pro bono* counsel, (D.E. No. 3 ("Motion to Appoint *Pro Bono* Counsel").

The Court **GRANTS** Plaintiff's IFP Application. His Complaint is now subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and 42 U.S.C. § 1997e(c) to determine whether the Court should dismiss the pleading as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Court **DISMISSES** Plaintiff's federal claims for failure to state a claim and declines to exercise jurisdiction over Plaintiff's state law claims. The Motion to Appoint *Pro Bono* Counsel is **DENIED**.

## I.    BACKGROUND

In his Complaint, Plaintiff lists the following two "defendant[s]": (i) "Name: Olivia Palamara Esq."; "Official position: Attorney for Essex County"; "Place of employment: Office of the Essex County Counsel"; and (ii) "Name: Essex County, Essex County Jail, Essex County Counsel Joseph N. Divincenzo"; Official position: Essex County Executive"; "Place of employment: Essex Count[y] Administrator Office of the Essex County Counsel."  (Compl. at 4). In the caption of the Complaint, he names "Officer of the Essex County Counsel Joseph N, Divincenzo Jr. Essex County/Essex County Jail Essex County," and names as defendants "Olivia Palamara Esq." and "Jerome M. St. John."  (*Id.* at 1).

Plaintiff alleges that Palamara, while representing Essex County and an Essex County Jail officer, "somehow" gained unauthorized access to his medical records in violation of Health Insurance Portability and Accountability Act ("HIPAA"),[1] and his home address and his mother's and wife's licenses.  (*Id.*).  Regarding the second defendant, Plaintiff alleges: "[f]ailure to properly administer its employees and the procedures followed according to policy and law vicariously. The Essex County Jail released my medical records without my consent or knowledge or a court order to [Palamara]."  (*Id.*).

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and "N.J. Stat. 59, N.J. Civil Rights Act, 42 U.S.C.S. 1320d5 HIPAA, 42 U.S.C. § 241–242."  (*Id.* at 2).

Plaintiff alleges that, in 2025, while waiting "to conference" with Palamara regarding an unrelated matter filed by Plaintiff in which Palamara represented Essex County and an Essex County Jail officer, Plaintiff asked Palamara how or why she possessed and was able to gain access from Essex County Jail and make copies of his medical records and his mother's and wife's

---

[1]    *See* PL 104-91, Aug. 21, 1996, 110 Stat 1936, codified at 42 U.S.C. § 1320d *et seq.*

personal information (addresses and license information). (*Id.* at 5). Palamara stated that she obtained the documents through an internal request and would only use the records to find impeachable evidence. (*Id.* at 5–6). Plaintiff told the attorney that she was not allowed to possess the records without his consent or a court order because it was a HIPAA violation. (*Id.* at 6). According to Plaintiff, the Essex County Executive, Essex County, and Essex County Jail are not ensuring that proper practices and policies are being followed, violating inmates' constitutional and civil rights. (*Id*). She again told him she was only looking for "anything she could use to discredit [him]." (*Id.*). Plaintiff allegedly informed Judge James B. Clark and Essex County Executive Joseph N. Divincenzo of the incident without receiving a response. (*Id.*; *see also id.* at 5 (alleging that he raised "this matter" with the judge involved in "the previous case" and wrote a letter to Divincenzo, St. John, and Palamara)). He further refers to the alleged mishandling of another individual's personal information. (*Id.* at 6 ("I was sent information from [Palamara] from someone elses [sic] Civil Action Doc. No. ESX-L-2135-25 by the name of Yvonne Armstrong and I am concerned this can happen to my medical records as well as my family's information."). Plaintiff also acknowledges that "[St. John] is mentioned vicariously," and "I'm not sure exactly when Essex County [sic] (the date [sic] handed over my records)." (*Id.*).

Plaintiff asks the Court "to find out why or how this happened" (that his medical records were handed over by Essex County Correctional Facility upon request, and that a county attorney and executive were able to violate his HIPAA, constitutional, and civil rights). (*Id.* at 6–7). He

3

requests proof that the copies have been destroyed, appropriate compensation for the mental stress and anxiety caused, "ethical repercussion[s]," and better safeguards in the future.  (*Id.* at 7).

## II.     STANDARDS OF REVIEW

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees.  The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), § 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).

Thus, the Court must conduct a two-step analysis when considering a complaint filed with an application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a) . . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

Under the first step, § 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)).  Prisoners are

4

additionally required to submit "a certified copy of [a] trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).

Second, district courts must review complaints in civil actions in which a convicted prisoner or pretrial detainee is proceeding IFP, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see id.* § 1915A(a), or brings an action with respect to prison conditions, *see* 42 U.S.C. § 1997e(c).  District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B), 1915A(a), or 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).  A court properly grants a motion to dismiss under Rule 12(b)(6) "if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citing *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3rd Cir. 1986)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "'sufficient factual matter' to show that the claim is facially plausible."  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct."  *Iqbal*,

556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Under Federal Rule of Civil Procedure 8, a complaint's claims must be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint must set forth the plaintiff's claims with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Dist. Council 47 v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986) (stating that the complaint must contain sufficient facts to put the defendants on notice permitting them to frame an answer to the plaintiff's allegations). A complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). While courts liberally construe *pro se* pleadings, *pro se* litigants still are required to allege sufficient facts to support a claim and to comply with the pleading requirements of Rule 8. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III.    DISCUSSION

Under the first step of the two-step analysis, the Court authorizes leave to proceed without prepayment of fees and **GRANTS** the IFP Application. Accordingly, the Court proceeds to the second step and determines whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### A. Federal Claims

The Court liberally construes the Complaint as alleging the following federal claims against Palamara, Divincenzo, and St. John: (i) claims for damages and injunctive and declaratory relief under HIPAA; (ii) official-capacity claims under 42 U.S.C. § 1983 ("Section 1983") for damages and injunctive and declaratory relief based on alleged violations of Plaintiff's constitutional right to privacy; and (iii) a Section 1983 individual-capacity privacy claim for damages.[2]

#### 1. HIPAA Claims

In general, there is no private right of action for a HIPAA violation. *See Batts v. Rutgers UCHC*, No. 25-14106, 2025 WL 3063453, at *4 (D.N.J. Nov. 3, 2025); *Harris v. Doctors at the Newark Univ. Hosp.*, No. 25-3063, 2025 WL 1703061, at *4 (D.N.J. June 17, 2025). Accordingly, Plaintiff's HIPAA claim for damages is **DISMISSED** *with prejudice* for failure to state a claim. However, a plaintiff "may bring a claim for declaratory and injunctive relief that a state law or regulation regarding his access to, or privacy interest in his medical records may be preempted by HIPAA." *Harris*, 2025 WL 1703061, at *4 n.6 (citations omitted). Because Plaintiff does not identify an allegedly preempted law or regulation, the Court **DISMISSES** Plaintiff's HIPAA claim for injunctive relief and declaratory relief *without prejudice* for failure to state a claim.

#### 2. Section 1983 Claims

With respect to the Section 1983 claims, 'a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them." *Cuvo v. De Biasi*,

---

[2]     Plaintiff refers in passing to 42 U.S.C. §§ 241–242. (Compl. at 2). However, the Court does not construe the Complaint as raising a cause of action under these provisions, which relate to "Research and investigations generally" and "Studies and investigations on use and misuse of narcotic drugs and other drugs; annual report to Attorney General; cooperation with States," respectively. Specifically, there is no indication whatsoever that Plaintiff has been a subject of a federally funded research project. *See* 42 U.S.C. § 241(d).

169 F. App'x 688, 693 (3d Cir. 2006).  Thus, Plaintiff's Section 1983 official-capacity claims for damages and injunctive and declaratory relief against the three named individual defendants are **DISMISSED** *with prejudice* for failure to state a claim.  However, the Court additionally construes the Complaint as raising Section 1983 municipal liability claims for damages and injunctive and declaratory relief under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for alleged violations of Plaintiff's constitutional right to privacy against the County of Essex ("Essex County"), the municipal entity that employs the named defendants.

"The Fourteenth Amendment protects an inmate's right to medical privacy, subject to legitimate penological interests."  *Harris*, 2025 WL 1703061, at *4 (quoting *Doe v. Delie*, 257 F.3d 309, 311 (3d Cir. 2001)).  "Generally, courts in this circuit have only permitted medical privacy claims related to prisoners, including pretrial detainees, to proceed where they allege that the defendants disclosed 'an unusual medical condition which, if disclosed unnecessarily, would likely expose the inmate to ridicule, discrimination, or even potential violence and harm, particularly when word of the condition is likely to spread through 'humor or gossip.'"  *Cooke v. Bhalla*, No. 24-10842, 2025 WL 2886391, at *3 (D.N.J. Oct. 10, 2025) (quoting *Smith v. Hayman*, No. 09-2602, 2012 WL 1079634, at *18 (D.N.J. Mar. 30, 2012)).  Plaintiff alleges no such facts. Specifically, Plaintiff does not allege facts plausibly indicating that his medical information (or the personal information regarding family members) were disclosed to other inmates, guards, or other staff working at Essex County Jail; instead, he alleges that an attorney representing Essex County in a legal proceeding filed by Plaintiff obtained this information for the sole purpose of *possibly* using such materials as impeachment evidence in that legal proceeding.  (*See* Compl. at 5–6).  Furthermore, to the extent Plaintiff was allegedly provided "information from [Palamara] from someone else . . . by the name of Yvonne Armstrong," (*id.* at 6), Plaintiff provides no specific

8

facts showing that the same alleged mishandling happened with his respect to his medical records. Accordingly, Plaintiff's Section 1983 *Monell* claims for damages and injunctive and declaratory relief against Essex County and his Section 1983 individual-capacity claim for damages against Palamara, Divincenzo, and St. John are **DISMISSED** *without prejudice* for failure to state a claim.

Furthermore, Plaintiff's Section 1983 *Monell* claims for damages and injunctive and declaratory relief against Essex County must be **DISMISSED** *without prejudice* for failure to state a claim for an additional reason—Plaintiff does not plead "facts showing that the municipal defendant caused the underlying constitutional violation through its issuance or adoption of a policy, practice or custom," *Echevarria v. Essex Cnty. Dep't of Corr.*, No. 20-0498, 2020 WL 1243810, at *2 (D.N.J. Mar. 16, 2020) (citing *Monell*, 436 U.S. at 690 n.55). The municipal policy, practice, or custom must constitute the "moving force" behind the alleged violation. *See id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)). A plaintiff must identify the challenged policy or custom, attribute it to the municipality itself, and show a causal link between execution of the policy and the injury suffered. *See Harley v. City of N.J. City*, No. 16-5135, 2017 WL 2779466, at *7–8 (D.N.J. June 27, 2017). A policy is made when an official possessing final policymaking authority issues a proclamation, policy, or edict. *See Fong v. City of Newark*, No. 22-7243, 2024 WL 5074763, at *3 (D.N.J. Oct. 12, 2024). "At the pleading stage, 'a plaintiff must show that an official who has the power to make policy is responsible for the action'" and, in "deciding who has policymaking responsibility, a court must determine which official has final, unreviewable discretion to make a decision or take an action, a question that is answered by looking to state law." *Fisher v. Cnty. of Mercer*, No. 23-20947, 2024 WL 3594423, at *5 (D.N.J. Jul. 31, 2024) (citations omitted). "Custom 'can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent

9

as virtually to constitute law.'" *Fong*, 2024 WL 5074763, at \*3 (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

A municipality's failures to act, including failures to train, supervise, or discipline its employees and officers, can result in an actionable violation under Section 1983. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Generally, plaintiffs demonstrate deliberate indifference for "failure to" or inadequacy claims by showing a pattern of similar constitutional violations. *See Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014).

Plaintiff does not allege facts plausibly indicating that either Palamara (an employee of the Office of the Essex County Counsel) or St. John (an individual with no alleged position with Essex County) possesses final policymaking authority. Assuming *arguendo* that Divincenzo (the Essex County Executive) is a municipal policymaker, Plaintiff does not allege that Divincenzo ordered or otherwise participated in the release of his private information. Furthermore, he does not allege that Essex County has an affirmative policy or custom of disclosing inmate information. Instead, Plaintiff appears to raise a "failure to" theory of municipal liability, alleging the "[f]ailure to properly administer its employees and the procedures following according to policy and law." (Compl. at 4). However, Plaintiff fails to show a pattern of similar unauthorized disclosures.

Likewise, Plaintiff fails to allege that Divincenzo and St. John were personally involved in the alleged violation of his privacy rights. A civil rights plaintiff must plausibly establish that each named defendant was personally involved in the alleged constitutional violation to state an individual-capacity claim for monetary relief. *See Parkell v. Danberg*, 833 F.3d 313, 330–32 (3d Cir. 2016); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). A "showing of direct responsibility" by the defendant is required, and the case law eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any

10

constitutional rights." *Rizzo* v. *Goode*, 423 U.S. 362, 376–77 (1976). Accordingly, the plaintiff must plead facts indicating that each defendant, through his or her own individual actions, violated the Constitution. *See Iqbal*, 556 U.S. at 678.

"A supervisor's '[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.'" *McCoy v. Scott*, No. 23-21272, 2024 WL 3580662, at *2 (D.N.J. Jul. 29, 2024) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

"Alternatively, a plaintiff seeking to show personal involvement for a supervisor may plead facts which show that the alleged constitutional violation is the result of a policy, practice, or custom put into effect by the supervisor." *Id.* (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003)). Liability arises if the official, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (alteration in original) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (3d Cir. 2015). A single incident is generally insufficient to establish the existence of a policy or custom. *See Reed v. Jersey City*, No. 21-3921, 2022 WL 1664621, at *7 (D.N.J. May 24, 2022).

In addition, a plaintiff may seek to hold a supervisor liable for failing to train or supervise his or her subordinates. "Failure to" claims constitute a subcategory of policy or practice liability. *See Barkes*, 766 F.3d at 316–17. "[A] plaintiff must show that policymakers were on actual or constructive notice that particular flaws in their training, discipline or supervision caused subordinate officials to violate citizens' constitutional rights, which generally requires knowledge

11

of a prior pattern of similar incidents and circumstances." *Best v. Hicks*, No. 22-6911, 2024 WL 4891774, at \*6 (D.N.J. Nov. 26, 2024) (first citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011); and then citing *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998)).

Plaintiff does not allege sufficient factual matter plausibly indicating that Divincenzo or St. John either personally participated in, or knew of and acquiesced in, the allegedly unconstitutional conduct; nor does Plaintiff allege that his  injuries were the result of a custom or practice creating an unreasonable risk of harm to which either defendant was deliberately indifferent, or the existence of a prior pattern of similar incidents.  To the contrary, Plaintiff seeks to hold Divincenzo and St. John vicariously liable (*see id.* at 4), despite the fact that Section 1983 case law eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any constitutional rights." *Rizzo*, 423 U.S. at 376–77; *see also Allah v. Bartkowski*, No. 11-3153, 2026 WL 1492836, at \*4 (D.N.J. May 28, 2026) (stating that supervisory officials may not be held vicariously liable for the conduct of their subordinates).  Plaintiff also refers to correspondence he sent to Divincenzo and St. John regarding the unauthorized disclosure of private information, to which they did not respond; however, "[t]hat a particular individual reviewed or responded to a grievance or letter complaint is generally insufficient to establish personal involvement." *Allah*, 2026 WL 1492836, at \*4 (citing *Dooley v. Wetzel*, 957 F.3d 366, 372–74 (3d Cir. 2020); *Stuart v. Lisk*, 645 F. App'x 197, 200–01 (3d Cir. 2016)).  Accordingly, because Plaintiff fails to allege sufficient facts to satisfy the personal involvement requirement, the Section 1983 individual-capacity claim for damages against Divincenzo and St. John is **DISMISSED** *without prejudice* for failure to state a claim.

Finally, Plaintiff seeks monetary damages for his mental stress and anxiety.  (Compl. at 7). 42 U.S.C. § 1997e, entitled "[l]imitation on recovery," provides that "[n]o Federal civil action may

12

be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Third Circuit has interpreted this provision to bar recovery of compensatory damages in such suits in the absence of a showing of physical injury. *See Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000). Plaintiff's Complaint contains no allegations of any physical injury. Accordingly, the Court **DISMISSES** *without prejudice* Plaintiff's federal claims to the extent that they seek compensatory damages.

B.    **State Law Claims**

Plaintiff further asserts jurisdiction under state law ("N.J. Stat. 59, N.J. Civil Rights Acts"). (Compl. at 2). Where a federal court has original jurisdiction over certain claims, it also has supplemental jurisdiction over all other related claims that form part of the "same case or controversy" under Article III of the United States Constitution. 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (same). Section 1367(c)(3) provides that district courts "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." As relevant here, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). "Additionally, the federal court should be guided by the goal of avoiding needless decisions of state law . . . both as a matter of comity and to promote justice between the parties." *Gibbs*, 383 U.S. at 726. Here, the Court has dismissed the federal claims at an early stage and declines supplemental jurisdiction

13

over any potential state law claims at this time.[3]

       **C.**       **Motion to Appoint *Pro Bono* Counsel**

Plaintiff asks the Court to appoint *pro bono* counsel to represent him.  (D.E. No. 3). Appointment of counsel is a privilege, not a statutory or constitutional right.  *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011).  "[D]istrict courts must consider as a threshold matter the merits of the plaintiff's claim."  *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  Plaintiff does not satisfy this threshold because he has failed to state a claim for relief under federal law, and the Court declines to exercise jurisdiction over any potential state law claims.  Accordingly, the Motion to Appoint *Pro Bono* Counsel is **DENIED** *without prejudice.*

**IV.**      **CONCLUSION**

For the reasons stated above, the Court **GRANTS** the IFP Application.  The Court **DISMISSES** *with prejudice* Plaintiff's HIPAA claim for damages, as well as his Section 1983 official-capacity claims for damages and injunctive and declaratory relief against Palamara, Divincenzo, and St. John, individually for failure to state a claim.  The Court **DISMISSES** *without prejudice* Plaintiff's HIPAA claim for injunctive and declaratory relief, his Section 1983 *Monell* claims for damages and injunctive and declaratory relief against Essex County, his Section 1983 individual-capacity claim for damages against Palamara, Divincenzo, and St. John, and his federal claims for compensatory damages for failure to state a claim.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims at this time.  Plaintiff may submit an amended complaint within forty-five (45) days if he can cure the deficiencies in his federal claims that are dismissed *without prejudice* and may, at that time, reassert his state law claims.

An appropriate Order follows.

---

[3]     If Plaintiff submits an amended complaint, he is free to reassert his state law claims.  Alternately, Plaintiff is free to file his claims in state court.

**Dated:** June 26, 2026

s/ *Esther Salas*
**Esther Salas, U.S.D.J.**